## Jim Handy v. The State.

### No. 2737. Decided April 20, 1904.

**1.—Burglary—Evidence—*Temporary Absence from Residence.***

Where, in a case of burglary of a private residence at night, it was shown that the family who occupied the same were temporarily absent and not actually in the residence at the time it was burglarized, it was held that a personal presence of the occupants at the very time of the burglary is not necessary.

**2.—Same—Excessive Punishment.**

The law fixes the lowest punishment for burglarw of a private residence at five years, and a verdict of thirty years is held not to be excessive.

**3.—Evidence—Circumstantial.**

While the evidence of the burglary was entirely circumstantial it sustained the conviction.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

Appeal from a conviction of burglary; penalty, thirty years imprisonment in the penitentiary.

The State testimony showed that the private residence alleged to have been burglarized was forcibly entered during the temporary absence of its occupants; that two white jars of blackberries and other things had been stolen from the house, and that four black hens were missing from

the hen roost of the party alleged to have been burglarized; that two jars of blackberries and the black chickens answering the description of those stolen were found in defendant's possession, who claimed to have received them from some of his relatives; that tracks answering the description of defendant's tracks led from his place to the burglarized house which was about 300 yards from and in sight of his place. Defendant objected to permit his house to be searched and it was shown that defendant had left his house on the night of the burglary.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the burglary of a private residence at night, the punishment assessed being confinement in the penitentiary for a term of thirty years. The proof shows that J. T. Strong with his family resided in the house burglarized, and were actually using the same as their private residence. However, the proof shows that Strong and his family were absent on a visit at the time the house was burglarized; that no one was in the house at the time; that he and his family left the premises on Friday and did not return until Monday following; and that the house was entered by appellant on Saturday night. Appellant contends that the court erred in submitting to the jury the law applicable to the burglary of a private residence under this state of facts. His contention is that the house was not "occupied and actually used" at the time of the offense by Strong and family. Art. 845c, White's Ann. Pen. Code, addended, 1901 (being Act 26th Leg., p. 318), provides: "The term 'private residence' mentioned in articles 839a, 845a and 845b of this chapter shall be construed to mean any building or room occupied and actually used at the time of the offense by any person or persons as a place of residence." We hold that it is not necessary that the family be personally present at the very time it is burglarized in order to constitute the offense of burglary of a private residence. It is sufficient if it is actually used at the time as a private residence, within the meaning of this article, though at the time it was burglarized the family may be temporarily absent.

Appellant insists that the verdict of the jury assessing the penalty at thirty years confinement in the penitentiary is cruel and excessive. "The punishment for burglary of a private residence shall be by imprisonment in the penitentiary for any term of years not less than five." Art. 845a, White's Add. Ann. Pen. Code, Acts 26th Leg., p. 318. The Constitution, article 1, section 13, provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. The Legislature has seen proper to provide that the punishment for burglary of a private residence at night should not be less than five years, and we do not consider the verdict of the jury cruel or exces-

sive. Teague v. State, 4 Texas Crim. App., 147; Johnson v. State, 5 Texas Crim. App., 423; Drake v. State, 5 Texas Crim. App., 649; Williams v. State, 6 Texas Crim. App., 147; Smith v. State, 7 Texas Crim. App., 414.

Appellant also insists that the evidence is insufficient. While it is circumstantial, yet it is amply sufficient to warrant the conviction of the jury, and we will not disturb their finding. The other complaints in the motion for new trial can not be reviewed in the absence of bills of exception.

The judgment is affirmed.

*Affirmed.*