ELIJAH WARREN v. THE STATE.

No. 14656. Delivered January 27, 1932.
Rehearing Denied March 23, 1932.

The opinion states the case.

*J. D. Willis,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, five years in the penitentiary.

Idella Jones occupied a house in Waco. During cotton picking season in 1930 she locked her house up and went to the cotton patch. When she returned she found that her place had been broken, and described when on the witness stand the property taken. A part of said property was traced to the possession of appellant. A woman who occupied the adjoining house to that of Idella Jones testified that she was aroused one night by the breaking of a window in Idella's house, and she heard some person break in the window and heard said party in the house. She noticed the next day that the house had been broken. Appellant took the witness stand and admitted that he had in his possession some of the stolen property which came from the house of Idella Jones, but testified that he bought it from another negro.

There are three bills of exception. The first sets out a lengthy excerpt from the charge of the court in which the jury were told that the owner did not have to be actually present in order to occupy a house, if it be maintained as a home where such person's household goods and equipment were kept, even though such owner be temporarily absent, this would constitute occupancy. Appellant seems to think this an incorrect statement of the law. We do not think so. The fact that the owner may be tem-

porarily absent and that no one is in the building at the time it was burglarized, would in nowise change the ownership or affect the correctness of the allegation of ownership and possession in the absent owner. No one else occupied the house in question, nor is there any testimony suggesting that the house or its contents had been left in the care, custody or control of any person other than the owner.

The second bill of exception also complains at some length of the court's charge on the explanation of appellant's possession of recently stolen property. The charge given was in conformity with all of the precedents upon said question, and need not be set out here at any length.

The remaining bill of exception complains because the court did not in his charge submit to the jury the law of burglary as applicable to a house other than a private residence. We are unable to see how this could have injured appellant in any event, but, under the facts of this case, such a charge was not called for. There was in the case no question but that a burglary was committed and that it was of the private residence of Idella Jones.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The alleged owner, Idella Jones, testified in substance as follows: She lived at the burglarized place. It was her residence. She kept her household goods there and actually used it as her place of residence. During the month of December, 1930, her house was burglarized. At that time she was temporarily absent from her home on a visit to Oklahoma. She returned from Oklahoma on the 5th of January, 1931, and found a window light broken out. The house had been ransacked and certain articles were missing, namely, bed spreads, a linen table cloth, dresses, pants, pillow cases, blankets, etc.

Kansas Carson testified that she lived next door to Idella Jones' house; that during the month of December, 1930, while at her home in bed one night, between midnight and daylight, she was awakened by some one breaking into the house of Idella Jones. She "heard them when they broke in and heard them when they came out the back door." "They went into a window right next to me where they took the screen off." The next morning she saw the "window was pulled down on a smoothing iron." She called to an old man who was passing, and they both looked in through the window and saw that the house had been burglarized.

The conclusions reached and announced on the original opinion are fully spported by the precedents. On the subject of occupancy and ownership, see Tex. Jur., vol. 7, p. 752; Carneal v. State, 86 Texas Crim. Rep., 274, 216 S. W., 626; Davidson v. State, 86 Texas Crim. Rep., 243, 216 S. W., 624. There is no evidence other than that the house was a private

residence, and the testimony that it was burglarized at night-time is not controverted.

The motion for rehearing is overruled.

*Overruled.*