**Roy Charles KIZER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39089.

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

J. Harlan Fleming, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for burglary of a private residence at night with two prior convictions alleged for enhancement; the punishment, life.

Sam Lawson testified that on July 23, 1965, he, his wife and daughter resided in a furnished house at 5200 Vicki Street in Fort Worth which they were then and had been using and occupying for eleven years as their private residence. He further testified that he was an insurance adjuster; that as a result of a severe hail storm in Wichita, Kansas he was engaged there in his business for a short time, so he and his family went there about June 20, 1965, and lived there temporarily about two months, except for one trip home, and then returned to their residence in August, which was the only time they were away from home that year; that a daughter, Mrs. Carl Franklin, living near their residence had a key and kept close observation of it by her visits two or three times weekly and also stayed there on several weekends; that they closed and locked the house on going to Kansas but left the utilities connected and in service; that they did not give anyone their consent to break and enter the house and remove any property therefrom.

Melvin A. McBee testified that on July 23, 1965, he lived directly across a thirty foot street from Sam Lawson, and there was a street light at the street intersection; that about 11 p. m., he saw a black Studebaker, with its lights out, stop in front of the Lawson residence, and two men got out and walked along beside the Lawson house and soon returned, both carrying something which they placed in the car and drove away at a fast rate of speed. Immediately, McBee went to the Lawson residence and found a window open and an air conditioner missing, and he notified the police and

gave them a description of the automobile, its occupants and the air conditioner.

Shortly after McBee notified the police, Deputy Sheriff Perez, as a result of hearing a police radio dispatch, stopped a black Studebaker occupied by two men and asked the driver if he could search the car. The appellant, identified at the trial by Perez as the driver, consented to the search and opened the trunk of the car. The search of the car revealed an air conditioner, a pillow case, piggy bank, razor, radio, and a coffee can containing cocoa. In searching where the appellant had been standing by the car, Perez found two rings, a bracelet and a necklace. On searching appellant's person, Detective Shants found a ladies' Elgin wrist watch in his trousers pocket. The property found in the trunk of the Studebaker, the jewelry found where the appellant stood by the car, and the watch found in appellant's pocket were identified by Mrs. Carl Franklin, a daughter of Sam Lawson, who lived nearby and immediately came to the scene, as being the property of her father and mother that had been kept in their home at 5200 Vicki.

Proof was offered of the two prior felony convictions for robbery as alleged and of appellant's identity as being the same person so convicted. This proof was made in accordance with that approved by this court in Broussard v. State, Tex.Cr.App., 363 S.W.2d 143. While testifying in the absence of the jury, the appellant admitted the prior robbery convictions.

The appellant did not testify or offer any evidence before the jury on the trial on the merits which was heard on July 16 and 17, 1965.

■ Error is urged in the trial court's refusal of a separate trial on the primary offense on the ground that the proof of the prior convictions alleged for enhancement was calculated to injure his rights before the jury.

This contention has been previously considered and rejected by this court. Crocker

v. State, Tex.Cr.App., 385 S.W.2d 392; Capuchino v. State, Tex.Cr.App., 389 S.W.2d 296; Beasley v. State, Tex.Cr.App., 389 S.W.2d 299; Matula v. State, Tex.Cr.App., 390 S.W.2d 263; Conley v. State, Tex.Cr.App., 390 S.W.2d 276.

It is contended that the evidence is not sufficient to support the conviction on the ground that Sam Lawson nor any member of his family were occupying the house as a private residence on July 23.

■ It is not essential that the family or occupant be personally present at the very time the residence is burglarized in order to constitute the offense of burglary of a private residence at night. It is sufficient if it is actually used at the time as a private residence, within the meaning of this article, even though at the time it was burglarized the family was temporarily absent. Handy v. State, 46 Tex.Cr.R. 406, 80 S.W. 526; Warren v. State, 120 Tex.Cr.R. 58, 47 S.W.2d 288.

■ There are no formal bills of exception. The objections to the court's charge appearing in the record cannot be considered as there is no showing that they were presented to or acted upon by the trial judge.

■ The indictment sufficiently alleges the primary offense of burglary of a private residence at night with the intent to commit theft. The charge defines burglary of a house, private residence, nighttime burglary, theft, and requires that the jury find beyond a reasonable doubt, among other things, that the house was "then and there occupied as a private residence by the said Sam Lawson as charged in the First Count of the indictment" before they could find him guilty. No fundamental error appears in the charge, as contended.

■ The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.