James **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41454.

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 16, 1968.

———◆———

Emmett Colvin, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, David Johnson, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C. by virtue of two prior convictions for felonies less than capital, life imprisonment.

Two grounds of error are urged by appellant in his brief filed with the clerk of the trial court.

█ Ground of error No. I reads as follows:

"Appellant was denied his due process rights and his right of confrontation under the Fourteenth Amendment to the Constitution of the United States by the admission of records and fingerprints

taken by those not subject to cross-examination (R. 230–237, 365–366, S.Ex. 16–19)."

No decision by any court, federal or state, is cited by appellant in support of the contention.

An examination of the record reflects that in making proof of the two prior felony convictions alleged for enhancement the state offered in evidence, as state's exhibits Nos. 16–19, certified copies of an indictment, judgment, and sentence, and the duly authenticated records of the Texas Department of Corrections of one James Richardson, consisting of photographs, fingerprints, and certified copies of judgments and sentences which show that on November 21, 1958, the said James Richardson was convicted in Criminal District Court of Dallas County, in Cause No. C–6164–IH, of the offense of burglary, and thereafter, on May 6, 1960, the said Richardson was convicted in the same court in Cause No. D–648–H of the offense of felony theft.

Appellant's identity as the person so convicted in the two cases was shown by the testimony of a fingerprint expert based upon his comparison of appellant's known fingerprints with those found in the prison records.

Such manner of proof has been approved by this court. See: Dozier v. State, 167 Tex.Cr.R. 84, 318 S.W.2d 80, and cases therein cited. We do not agree that it constitutes a denial of due process or the right to confrontation, under the Constitution of the United States.

The ground of error is overruled.

█ Appellant's ground of error No. II reads as follows:

"The trial court committed reversible error in the admission of testimony bearing upon identity to establish prior convictions by a witness, over objection, who had no present recollection as to identity and no memoranda *was* admitted

under the past recollection recorded rule of evidence [sic] (R. 368–369)."

Again, no authority is cited by appellant in support of the contention.

An examination of the record reflects that Officer Dawson, upon being called as a witness by the state, testified that he was acquainted with the appellant; that he investigated the case against him (#D–648–H) and that the offense charged therein occurred on February 24, 1960. On cross-examination the officer testified that he had refreshed his memory from a case report which he helped prepare and based his testimony as to the date of the offense upon the information contained therein. Appellant's objection on the ground that the officer did not remember the date was overruled.

We perceive no error and the ground of error is overruled.

The judgment is affirmed.