**Jack Wayne COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49328.**

Court of Criminal Appeals of Texas, En Banc.

April 21, 1982.

---

1. All emphasis is mine unless otherwise indicated.

Randy Schaffer, Houston (court appointed on appeal only), for appellant.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This Court earlier granted appellant an out-of-time appeal in this case. Appellant was convicted of burglary of a habitation. Punishment, enhanced by two prior convictions for burglary, was assessed at life in the Texas Department of Corrections.

Initially, appellant contends that the evidence was insufficient to corroborate the testimony of appellant's accomplice who testified for the State.

The evidence showed that the home of Charles Willingham was burglarized on October 20, 1971. The burglary occurred at some time after noon and before 3:30 p. m. while no one was home. Taken in the burglary were cash, a coin collection, a wedding ring, several guns and other items.

Avis Smith, the accomplice, testified that she and two other girls, one of whom was

Brenda Farmer, were good friends of appellant. Smith testified that on October 20, 1971, before noon, she was with appellant. She testified that Brenda Farmer, who was not with them that day, knew the Willinghams. Smith said that they had driven by the house several times previously to case the house in preparation for the burglary.

Smith testified that on October 20 she and appellant were with appellant's brother in an orange-brown Chevrolet with a white top. The brother let appellant and Smith out of the car, apparently some distance from the house. Smith and appellant entered the Willinghams' home by going through the backyard and crawling in a kitchen window. Meanwhile, appellant's brother had moved the car. After completing the burglary, Smith and appellant wandered about the neighborhood with the stolen goods looking for the car. They finally stumbled upon the car and made good their escape.

The State then called the Willinghams' next door neighbor, Acelia Avila. Her testimony was somewhat confused. She testified that the day before the burglary she had seen a Chevrolet with a beige or white top and rust colored bottom slowly go by the Willinghams' house and the occupants were staring at the house. She said that early in the afternoon of the day of the burglary she saw the girl who testified earlier (Avis Smith) and appellant get out of that Chevrolet. She said that the Chevrolet was near the driveway of the Willingham home. She positively identified appellant as the man who, with Smith, entered the house. She testified she could see appellant and Smith inside the Willingham home. She testified that there were two other persons left in the Chevrolet while Smith and appellant were in the house. Her testimony conflicted in several respects with Smith's testimony about the details of the burglary but agreed that appellant and Smith were the persons who entered the house.

She later testified under vigorous cross-examination that it was "possible" she saw another man and not appellant in the house.

She added on redirect, however, that she was positive in her "own mind" that appellant was the person in the house. A police officer also testified that when he went to arrest appellant, appellant attempted to flee by jumping out of a window.

Appellant initially claims such is insufficient corroboration because the identification was tentative and not positive. Even if the identification were not positive, it need not be positive to provide sufficient corroboration. In *Griffin v. State*, 486 S.W.2d 948 (Tex.Cr.App.1972), this Court said:

"We have examined the record with care and conclude that the testimony falls into the same category as that in *Jenkins v. State* (Tex.Cr.App.1972), 484 S.W.2d 900, which held that a less than positive identification is sufficient to corroborate the testimony of an accomplice. See also *Williams v. State*, Tex.Cr.App., 466 S.W.2d 313." 486 S.W.2d at 950.

See also *Valenciano v. State*, 511 S.W.2d 297 (Tex.Cr.App.1974).

■ Next, appellant contends that because Smith's version of the burglary in time and other details differs from Avila's, there is not sufficient corroboration. We disagree. The test for measuring the sufficiency of the corroboration is whether that evidence *tends to connect* the defendant with the offense, *Pinson v. State*, 598 S.W.2d 299 (Tex.Cr.App.1980). Avila's testimony certainly tended to connect appellant with the burglary described by Smith. As was said in *Myers v. State*, 7 Tex.App. 640 (1880), at 659, discussing the sufficiency of corroboration, "We do not understand that this requires that the different matters testified to by the accomplice are to be supported, each one, by other testimony to the same isolated facts, but that it must tend to connect the defendant with the offense committed."

This Court likewise held in *Forbes v. State*, 513 S.W.2d 72 (Tex.Cr.App.1974), that the State need not corroborate the accomplice witness about all of his testimony, it need only produce other evidence tending to connect the defendant to the crime.

Further, we note that appellant's attempt to flee made when the police came to make the arrest, while not alone sufficient, can be considered as a part of the corroboration, *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968); *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr.App.1974). It is the cumulative weight of the corroboration which must be examined to see if sufficient corroboration exists, *Chambers v. State*, 508 S.W.2d 348 (Tex.Cr.App.1974). Appellant's ground is overruled.

Next, appellant contends the evidence was insufficient to prove the State's allegation in the indictment that Charles Willingham occupied and controlled the home burglarized. Appellant argues that it was necessary for the State to prove that Charles Willingham was present at the time of the burglary. Since Willingham was not present, appellant contends the evidence was insufficient. We disagree. In *Kizer v. State*, 400 S.W.2d 333 (Tex.Cr.App.1966), at 335, we said:

"It is contended that the evidence is not sufficient to support the conviction on the ground that Sam Lawson nor any member of his family (sic) were occupying the house as a private residence on July 23.

"It is not essential that the family or occupant be personally present at the very time the residence is burglarized in order to constitute the offense of burglary of a private residence at night. It is sufficient if it is actually used at the time as a private residence, within the meaning of this article, even though at the time it was burglarized the family was temporarily absent. *Handy v. State*, 46 Tex.Cr.R. 406, 80 S.W. 526; *Warren v. State*, 120 Tex.Cr.R. 58, 47 S.W.2d 288."

Appellant argues that reversal of this case is required because, immediately after the selection of the jury, the court gave the jury certain initial general admonishments outside the appellant's presence in violation of Article 33.03, V.A.C.C.P. The admonishments included instructions that the jury was not to deliberate about the case until they had heard all of the evidence. They were told not to discuss their jury service and to avoid contact with the attorneys.

The record, while indicating the appellant was absent at that time, fails to indicate why the appellant was not present. It is not alleged that appellant's counsel was not present. No objection was lodged by appellant's counsel.

Article 33.03, V.A.C.C.P., provides:

"In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case."

In *Mares v. State*, 571 S.W.2d 303 (Tex.Cr.App.1978), a defendant claimed that Article 33.03, supra, was violated because he had not been present in chambers when certain objections relating to the trial were made and argued. Quoting *Cartwright v. State*, 96 Tex.Cr.R. 230, 259 S.W. 1085 (1924), this Court, through Judge Tom Davis, said, "It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be an actual showing of injury or a showing of facts from which injury might reasonably be inferred." 571 S.W.2d at 305. It was concluded:

"In the instant case, no request was made by appellant or his counsel to attend the conferences at the bench or in chambers where questions of law were

discussed between the court and counsel on both sides. No injury is shown to appellant, nor are there facts from which injury can be inferred. The presence of appellant at such conferences did not bear 'a reasonably substantial relationship to the opportunity to defend.' We find no violation of Art. 33.03, supra, nor do we find that appellant was deprived of any right guaranteed by the Sixth Amendment. No error is shown." 571 S.W.2d at 307.

Similarly, we find no injury here to appellant, and that the presence of the appellant during the admonishments did not bear a reasonably substantial relationship to the opportunity to defend himself.

■ Complaint is made of the refusal of the trial court to admit photostatic copies of checks offered by appellant. Frances Dunn was an alibi witness for appellant. She testified that on October 19, 1971, appellant was sick at home and went with her to the pharmacist to get a prescription. She testified that on October 20, while appellant was still ill, they together went to purchase a car.

Appellant offered photostatic copies of three checks into evidence as proof of Dunn's testimony. One was dated October 19, one October 20, and one October 21. The first check was made payable to cash. The latter two checks were made out to Able's Pharmacy. All were signed by Frances Dunn. The State objected to these three checks on the ground that admission of the copies would violate the best evidence rule. Appellant never elicited any reason for not producing the original checks. The witness never testified that the copies were true and correct copies of the originals. The offered copies did not have a copy of the backs of the checks on them. They were not shown to be admissible. See the discussion in Smith v. State, 547 S.W.2d 6 (Tex.Cr.App.1977), at page 12, and McCormick on Evidence, Section 230, page 560 (2nd Ed. 1972). No error is shown.

■ Appellant attempted to introduce testimony by O. L. Ware, a principal at a junior high school, that school records reflected that Brenda Farmer was in school on October 20. Appellant was allowed to call Farmer to the stand and elicit from her that she was in school that day. Appellant contends that the refusal to allow Ware to testify constituted reversible error. Smith specifically stated that Farmer was not with the group that committed the burglary. Avila, on questioning by appellant, testified that she had tentatively identified Farmer as being among those participating in the burglary but she was not sure. No harm is shown. Furthermore, appellant failed to lay a proper predicate for the admission of the records or testimony derived from them.

■ The State alleged two prior convictions for enhancement purposes: a July, 1965 conviction for burglary, and a December, 1968 conviction, also for burglary. On appeal, appellant contends that the State failed to prove that the 1968 conviction was for an offense committed after the 1965 conviction.

There was nothing in the pen packet introduced by the State that indicated when the offense for which appellant was convicted in 1968 occurred. Cf. Espinoza v. State, 463 S.W.2d 8 (Tex.Cr.App.1971). The State did call an officer who testified that he arrested appellant for a burglary which occurred October 14, 1967. However, the State failed to show that it was the October, 1967 burglary that resulted in the December, 1968 conviction. Cf. Richardson v. State, 432 S.W.2d 100 (Tex.Cr.App.1968). Therefore, the State failed to meet its burden of proving that the conviction in 1968 was for an offense occurring after the date of the 1965 conviction.

In the past, this Court has held that the proper remedy in this type case was to remand the case back to the trial court for a new trial if the jury originally assessed punishment or a new punishment hearing if the penalty phase had been before the court alone. And in either case we allowed the State another attempt to meet its burden of proof as to the enhancements in the punish-

ment portion of the trial. See *Porier v. State*, 591 S.W.2d 482 (Tex.Cr.App.1979). The majority in *Porier* held that the enhancement procedures did not create an offense and that the prior conviction and its date was "a historical fact." The error it was said "in improper proof then goes to the method of proof, not the validity of the event." The majority in *Porier* seems to equate the practice of using a prior conviction to enhance a new offense with relitigating whether such an enhancement allegation is true after the allegation has failed in proof when it was initially litigated.

However, in reading *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the gravamen of these holdings is that it violates the double jeopardy clause of the United States Constitution to allow the State to make an allegation, attempt to prove that allegation, fail to do so and yet be able to attempt to again prove such allegation in another trial or hearing in the same cause. We feel that is what would happen in this instance if the State were allowed another opportunity to prove the enhancements in this case, in light of *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). We would note that the case before us is not an instance in which the State has made an allegation and the proof simply shows a variance. Here, however, the State had alleged and had to prove that the 1968 conviction was for an offense occurring after the 1965 conviction. This it failed to prove.

*Bullington* was a capital murder case. Under Missouri's bifurcated system, once a defendant has been convicted of capital murder, the jury must then hear punishment evidence and determine whether any of ten listed aggravating factors exist and/or whether any of seven mitigating factors are extant. A jury which imposes the death penalty must designate in writing the aggravating factors they found existed beyond a reasonable doubt. The jury must also be convinced beyond a reasonable doubt that such factors warrant the imposition of the death penalty. The jury need

not impose death as the punishment even if it decides that sufficient aggravating factors exist and are not outweighed by mitigating factors.

Bullington was convicted of capital murder. The jury assessed punishment at life. Bullington was later granted a new trial. Bullington attempted thereafter to prohibit the State from seeking the death penalty. The Supreme Court held that the State could not seek the death penalty.

The Supreme Court initially noted that the Double Jeopardy Clause is no absolute bar to harsher sentences at a retrial after a defendant has succeeded in appealing a conviction. However, the Supreme Court pointed out that unlike most cases in which the entity which sets punishment acts through its discretion, in that case the original jury had apparently made a finding and "acquitted the defendant of whatever was necessary to impose the death sentence." 101 S.Ct. at 1861, 68 L.Ed.2d at 283.

Similarly, when this Court holds that the evidence was insufficient as to the date of the commission of the prior offense, it essentially is an acquittal of a disputed question of fact. To allow the State to attempt at a *new* hearing to produce the proof that it could not produce at the initial hearing is to again subject the defendant to jeopardy. *Bullington* tells us that the Double Jeopardy Clause can apply to punishments when the punishment depends on whether the State has proved or failed to prove specific punishment allegations. When the punishment does depend on such allegations and the State fails to prove them initially, the State may not attempt to make the defendant endure a relitigation of the issue.

The case of *United States v. Di Francesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), can be distinguished. In that case, the government appealed a defendant's sentence pursuant to 18 U.S.C. Sections 3575 and 3576, as a special offender. The Supreme Court held that it was constitutional for the government to request a review of the sentence and for the sentence to be increased upon that review. The Su-

preme Court noted that such review did not involve a retrial or provide the government with a second bite at an unproved apple. See *Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1979). Here, however, that is exactly what the State would be accorded if the State were allowed another attempt to prove the date of occurrence of the offense that resulted in the 1968 conviction.

Recently, in *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir. 1982), the Fifth Circuit was confronted with the issue before us today. Bullard had been convicted of felony theft and his punishment, enhanced by two prior felonies, was assessed at life in the Texas Department of Corrections. This Court, in *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr. App.1976), held that the State's evidence was insufficient to prove that he was the same person convicted in one of those prior convictions. In that case the trial court, not the jury, had found the enhancements to be true. Therefore, this Court remanded the case back to the trial court for a new punishment hearing and we said that at that new hearing, "... the State may again attempt to prove the prior conviction for the purpose of enhancing the punishment." This the State successfully did. His new conviction and sentence of life in the Texas Department of Corrections were upheld by this Court in *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977). However, on federal habeas corpus, Bullard contended that allowing the State a second opportunity to attempt to prove the enhancement allegation that it was unable to prove in the first trial violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The Fifth Circuit concluded:

"Because Bullard was once subjected to an enhancement proceeding, because the appellate court found insufficient evidence of habitual offender status, thus leading to Bullard's implicit acquittal as a habitual offender, and because resentencing would require a second trial with the State having an unwarranted 'second bite at the apple' to prove facts that it failed to prove initially, the double jeopardy

clause bars this second trial-like enhancement to life proceeding."

■ Though this Court is not bound by the constitutional interpretation of the Fifth Circuit, *Flores v. State*, 487 S.W.2d 122 (Tex.Cr.App.1972), we agree with the decision reached by that court in *Bullard*. We, therefore, hold as a matter of federal constitutional law compelled by *Bullington* that if the State fails to sufficiently prove all facts necessary to find an enhancement paragraph "true", the State may not, at a new hearing in that cause have a second opportunity to prove the original allegations.

We do not today intimate that if appellant were later charged in another indictment with a new offense that the State would be foreclosed from alleging and proving the same enhancement allegations made here. Such would not subject the appellant to multiple determinations of the State's allegations in the same case. To the extent this holding conflicts with *Porier v. State*, supra; *Komurke v. State*, 562 S.W.2d 230 (Tex.Cr.App.1978); *Tyra v. State*, 534 S.W.2d 695 (Tex.Cr.App.1976), and *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), those cases are expressly overruled.

The proof in this instance was sufficient to show proof of a prior burglary. The law at the time of the offense provided that upon proof of one prior conviction of the same nature the punishment for burglary was automatically set at twelve years. Therefore, the judgment is affirmed and the sentence reformed to reflect that punishment is to be assessed at twelve years in the Texas Department of Corrections, *Rounsavall v. State*, 480 S.W.2d 696 (Tex. Cr.App.1972).

ONION, Presiding Judge, concurring.

In *Elizalde v. State*, 507 S.W.2d 749 (Tex. Cr.App.1974), the State, as in the instant case, failed to sustain its burden of proof as to a prior conviction alleged for enhancement of punishment. The trial court nevertheless assessed punishment under Article 62, V.A.P.C., 1925. On appeal this court

remanded to the trial court for the assessment of punishment under the range of punishment provided for the primary offense of burglary with intent to commit theft (Article 1397, V.A.P.C., 1925). There an unanimous court stated: "In assessing the punishment, the court shall consider the record made at the trial of the case, omitting the evidence which we have held inadmissible." The State was thus not permitted a second bite at the apple. Today we reach the same result.

Regrettably in *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), the majority, over this writer's dissent, overruled *Elizalde* to the extent of any conflict. In *Bullard* the majority stated:

> "Inasmuch as the State's proof of prior convictions is insufficient, the proper remedy is to set aside the life sentence and remand the case to the trial court for a new hearing or trial on the issue of punishment to be assessed by the court, at which time the State may again attempt to prove the prior convictions for the purpose of enhancing punishment
> . . . ."

Of course this was wrong. Article I, § 19, Texas Constitution, and the Due Process Clause of the Fourteenth Amendment and the double jeopardy provisions of the federal and state Constitutions were in place at the time. We shouldn't have needed *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), or *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir. 1982), to see that double jeopardy, due process and fundamental fairness were all involved.

I applaud today's overruling of *Bullard v. State*, supra, and its progeny. *Elizalde* is again alive and well.

I concur.

ODOM, Judge, concurring.

I concur in the decision to overrule *Porier v. State*, 591 S.W.2d 482, for the reasons stated in the opinion concurring in part and dissenting in part in that case. I write today to state that retrial of the punish-ment issue would violate not only the principles upon which *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, were decided, as held by the majority, but also would deny appellant due course of law under Art. 1, Sec. 19, Texas Constitution. Today's decision should be grounded on both federal and state constitutional principles.

CLINTON and TEAGUE, JJ., join this opinion.