William BRADFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–81–029–CR.

Court of Appeals of Texas, Waco.

Oct. 7, 1982.

Rehearing Denied Oct. 28, 1982.

Discretionary Review Refused Jan. 26, 1983.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, P.C., Belton, for appellant.

Thomas B. Sehon, Dist. Atty., Marlin, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of aggravated robbery, and the jury assessed his punishment at forty years confinement in the Texas Department of Corrections. He appeals, challenging only the sufficiency of the evidence to support his conviction.

At about 11:15 a.m. on December 2, 1980, the First State Bank in Chilton, Texas was robbed by two armed men who escaped with $48,000.00; a third man remained in the get-a-way car parked in front of the bank. There were several witnesses to the robbery, and it was established that appellant was not among those three men. Rather, the state's theory was that appellant planned and organized the robbery and participated by meeting and picking up the other three men when their car suffered a blow-out outside of Chilton. This evidence was provided by Scott Licklider, an accomplice as a matter of law, and one of the two who entered the bank. Licklider testified to the events leading up to and after the robbery in exchange for the state's recommendation of twenty years in prison and a $5,000.00 fine.

Licklider testified appellant first approached him and another about the robbery in mid November; that both agreed to participate with appellant and a fourth "silent partner" and to split the money four ways; that the three met at appellant's sister's home twice to discuss the plans; that appellant told them he had been to the bank and that it would be easy to rob, and that appellant would take care of securing guns, masks and jackets; that on the day of the robbery a fourth man, Hernandez, joined the group and drove Licklider and his friend to and from the bank; that the three met up with appellant outside of Chilton shortly after the robbery and returned to appellant's sister's home to split the money; that they left the jackets and guns there and appellant said he would get rid of them; that he and his friend purchased a car and were on their way to Canada when they were arrested in Ohio and returned to Texas.

Appellant's sole ground of error is that the evidence of the accomplice Licklider was not sufficiently corroborated to sustain his conviction, citing Article 38.14, TCCP.

The test for measuring the sufficiency of the corroboration of an accomplice's testimony is whether the evidence tends to connect the defendant with the offense; it is the cumulative weight of the corroboration which must be examined to see if sufficient corroboration exists. *Cooper v. State*, Tex.Cr.App., 631 S.W.2d 508. We believe the cumulative weight of the corroborating evidence in this case sufficiently establishes appellant's guilt. The bank president testified he had seen appellant in the bank "just looking around" a couple of weeks before the robbery. Another witness testified appellant came to his house around midnight of the day of the robbery and asked for Licklider and the other participant in the robbery; after being told they were not there, appellant asked the witness to tell them if he saw them, that the police were looking for them and to call appellant. Finally, it was established that jackets worn by the two robbers who entered the bank and the guns used in the robbery were found in a bedroom of appellant's sister's house. She testified appellant often stayed at her house and had ready access to it. A ski mask and gloves, testified by witnesses to resemble those worn by the two robbers, were found in a car owned by appellant's mother which was often used by appellant. Appellant's mother testified that her son had had the car on the morning of the robbery. These facts make the accomplice's testimony more like-

ly than not, and we hold the requirements of Article 38.14 were satisfied. *Passmore v. State,* Tex.Cr.App., 617 S.W.2d 682. We overrule appellant's ground of error.

AFFIRMED.