**James CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0698–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1983.

Discretionary Review Granted
Sept. 21, 1983.

Larry D. Dowell, Houston, for appellant.

James C. Brough, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, BASS and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

Appellant was originally charged in a two count indictment for the offense of aggravated robbery and aggravated rape. For purposes of enhancement, what was purportedly two prior felony convictions were also alleged. The jury found appellant guilty of the primary offense of aggravated robbery, the State having abandoned the aggravated rape count. Upon the jury finding both enhancement allegations true, the court assessed the automatic punishment of life imprisonment pursuant to Texas Penal Code Ann. § 12.42(d) (Vernon

1974). Thereafter, appellant, joined by the State, successfully moved for a new trial on the ground that one of the two enhancement allegations had resulted in a probated sentence, rather than a final conviction, and was, therefore, insufficient as a matter of law to prove that appellant had twice before been convicted of felonies.

Appellant was then re-indicted for both primary offenses. For purposes of enhancement, the previously alleged and correctly proved felony conviction, that of aggravated robbery, was again included. However, in *substitution* for the burglary enhancement allegation, the insufficiency of which resulted in the granting of the new trial, the State alleged a different felony conviction, that of burglary of a coin-operated machine.

The appeal now before us was taken pursuant to appellant's unsuccessful pre-trial motion to quash this latter enhancement allegation. A jury subsequently found appellant guilty of the primary offense of aggravated robbery, the aggravated rape count having again been abandoned before trial and dismissed. Both enhancement allegations were found to be "true" by the jury.

Appellant makes no claim of insufficiency of the evidence or to the primary allegation of aggravated robbery. Each of appellant's three grounds of error complains of the trial court's failure to grant appellant's motion to quash the substituted enhancement paragraph of the indictment. Appellant contends that allowing him to be tried a second time as a habitual offender involving the same primary offense, when the proof of one of the enhancement allegations was previously found insufficient, violated the double jeopardy provisions of the United States Constitution and the Constitution of the State of Texas and would be contrary to the Supreme Court's decisions in *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), both of which hold that a reversal for insufficient evidence prevents re-trial for the same offense. We agree.

Appellant points out that at the time his motion to quash was urged, the Court of Criminal Appeals had not ruled on the contentions asserted in his motion, and that the Federal Courts had not rendered any decision interpreting the Texas enhancement statutes. In 1981, the Supreme Court decided the case of *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), and although *Bullington,* did not specifically interpret our enhancement statute, it did hold that *Burks* and *Greene,* applied to the punishment phase of a trial. The recent opinion of the Texas Court of Criminal Appeals in *Ex parte Augusta,* 639 S.W.2d 481 (Tex.Cr.App., en banc 1982), holds that *Bullington, Burks,* and *Greene,* are retroactive.

Subsequent to the trial court's determination of appellant's motion to quash, the Court of Criminal Appeals, in *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982), held that the double jeopardy provision of the United States Constitution prohibits the retrial of a person as a habitual criminal in accordance with Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), when the proof introduced to support one or more enhancement allegations is insufficient to sustain a finding of "true" to such allegation. In *Cooper* case, the defendant was tried for the offense of burglary of a habitation, and punishment, enhanced by two prior convictions for burglary, was assessed at life imprisonment. The State alleged two prior convictions for enhancement purposes: a July 1965 conviction for burglary, and a December 1968 conviction, also for burglary. On appeal, the Court of Criminal Appeals found that the State failed to prove that the 1968 conviction was for an offense committed after the 1965 conviction. The Court went on to hold that it was error to allow the trial court to retry the accused, *for the same offense,* as a habitual criminal because to do so would violate the holdings in *Burks* and *Greene, supra.* The Court also relied on *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1982), which case is similar to the instant case in the defendant had been

found guilty as a habitual criminal and also assessed life imprisonment.

In *Bullard v. State,* 533 S.W.2d 812 (Tex. Cr.App.1976), the Court held that the State's evidence was insufficient to prove that he was the same person convicted in one of these prior convictions alleged for enhancement. The State then retried Bullard and successfully proved the prior conviction for the purpose of enhancing the punishment. The conviction was upheld in *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr. App.1977), but in *Bullard v. Estelle,* the 5th Circuit concluded,

> Because Bullard was once subjected to an enhancement proceeding, because the Appellate Court found insufficient evidence of habitual offender status, thus leading to Bullard's implicit acquittal as a habitual offender, and because resentencing would require a second trial with the State having an unwarranted 'second bite at the apple' to prove facts that it failed to prove initially, the double jeopardy clause bars the second trial-like enhancement to life proceeding.

The Court of Criminal Appeals stated in *Cooper,* that although it was not bound by the Constitutional interpretation of the 5th Circuit in *Bullard,* it felt, as a matter of federal constitutional law, that it was compelled by *Bullington,* to follow *Bullard,* and in dicta, Judge McCormick stated, "We do not today intimate that if appellant was later charged in another indictment with *a new offense,* that the State would be foreclosed from alleging and proving the same enhancement allegations made here."

The case before us does not involve "a new offense", and we therefore are compelled to follow the rationale of *Bullard.*

The State relies on *Ex Parte Augusta, supra* and *Diremiggio v. State,* 637 S.W.2d 926 (Tex.Cr.App.1982), stating that *Diremiggio* implies that the State could reindict alleging a different enhancement allegation and make proof of it. The State ignores, however, *Bullard, Greene, Burk, Bullington* and *Cooper,* which expressly prohibit the use of the previously insufficient enhancement allegation at a second punishment hearing. We disagree with the State's contention that these cases speak only to the prohibited second use of previously invalidated enhancement allegations, and the holdings imply the State may substitute one or more enhancement allegations.

As mentioned, the *Bullington* case, extends the legal concept of double jeopardy to the punishment phase, thus establishing the principle that an habitual offender status is based on an indivisible tandem of primary offense allegations and secondary enhancements. On this premise, the double jeopardy prohibition addresses itself to a second opportunity of proving the habitual offender *status* and not merely the individual enhancement allegations. The State, in drafting its original indictments, had the responsibility of determining the sufficiency of its enhancement allegations and it could have alleged, for enhancement purposes, *all* of appellant's prior felony convictions, even though Texas Penal Code Ann. § 12.42(d) (Vernon 1974) requires the showing of only two such felony convictions. Here, had appellant's motion to quash been sustained, enhancement of punishment could still have been realized pursuant to § 12.42(c), as the remaining and correctly proved enhancement allegation would have warranted punishment of not less than 15 years or more than life. If the jury had been so inclined, a life sentence, though not automatic, could still have been imposed.

Appellant's grounds of error are sustained, and we reverse the judgment of the trial court and remand for new trial.