**Melvin Douglas SANDERS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–824CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 28, 1984.

Larry Urquhart, Brenham, for appellant.

Charles Sebesta, Brenham, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

A jury found appellant guilty of escape, and after finding both enhancement paragraphs true assessed punishment at life imprisonment. Appellant brings four grounds of error complaining of (1) sufficiency of the evidence; (2) legality of the trial judge's verbal order and; (3) failure to

properly prove up enhancement paragraphs. We reverse.

Appellant, on bond for burglary, appeared in court on April 18, 1983 and entered a plea of guilty to the offense of burglary. Punishment was assessed at fifteen years confinement; sentence was pronounced and appellant was remanded to the custody of the sheriff to be delivered to the Department of Corrections. Immediately thereafter a discussion ensued in open court between the trial judge, appellant, appellant's attorney and the district attorney, resulting in the trial court's granting appellant a temporary leave before being required to report to Sheriff Wilhelm on May 2, 1983 for transportation to the Texas Department of Corrections. According to the trial judge the leave was requested by both appellant and appellant's counsel so that appellant could "take care of some unfinished business."

Both parties have addressed grounds of error one and two together and we will as well. In these grounds, appellant challenges the state's proof of the primary offense of escape. First he contends that since the state failed to introduce into evidence a written court order granting appellant temporary leave, there is insufficient evidence to support the jury's verdict of guilt. Second he argues that the trial judge had no jurisdiction to grant the temporary leave thus rendering the verbal order void and therefore any violation thereof not a crime. We cannot agree.

The indictment alleged that on or about May 2, 1983, in Burleson County, Texas, the appellant:

did then and there intentionally and knowingly escape from the custody of A.G. Wilhelm, a peace officer, after the said MELVIN DOUGLAS SANDERS had been convicted for the offense of Burglary, a felony.... (R. I–1)

This indictment alleged a third degree felony offense pursuant to TEX.PENAL CODE ANN. § 38.07(a), (c)(1) (Vernon 1974). Section 38.01 TEX.PENAL CODE ANN. (Vernon 1974), provides two alternative definitions for the term "escape", appearing in Section 38.07:

"Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole.

■ For conviction, the state relied on a failure to return to custody following a temporary leave for a limited period. Appellant claims the judge's order granting temporary leave was void because the authority to so act is not expressly granted by the constitution or statutes of this state. We do not agree. The trial judge necessarily has broad discretion to deal with the many unexpected situations which arise during trial. *Johnson v. State*, 583 S.W.2d 399, 405 (Tex.Crim.App.1979). Appellant, through his attorney, requested the temporary leave of which he now complains. There was certainly no objection to the court's action at the time it was made.

■ Appellant cites no authority for the proposition that the court's order was required to be in writing and our research has yielded none. Nor can we articulate any compelling reason for there to be a written order given the statutory definition of "escape" and the peculiar facts of this case. Furthermore, as stated above, we cannot accept appellant's argument as to the limitations placed on a trial judge's actions. In this case, the trial judge essentially granted appellant's request for temporary leave; appellant failed to obey the order and the state properly proved the offense of felony escape as proscribed by TEX.PENAL CODE ANN. § 38.07. Appellant's first two grounds of error are overruled.

■ In his fourth ground of error, appellant contends the state failed to prove that the 1960 conviction, the second prior conviction alleged for enhancement, was for an offense committed after the 1957 conviction, the first prior conviction, had become

final. We agree. The state introduced a pen packet for the 1960 conviction, however, the judgment and sentence in the packet fail to establish the date the offense was committed. *Cooper v. State,* 631 S.W.2d 508 (Tex.Crim.App.1982). Appellant took the stand during the guilt stage of the trial, but his testimony does not establish that the 1957 conviction became final before the second offense resulting in the 1960 conviction was committed. Ground of error four is sustained.

■ In his third ground of error appellant claims the state failed to prove properly appellant's identity as the person convicted of a felony offense in cause number 5460 in the Colorado County District Court as alleged in the first enhancement paragraph. Since this ground of error attacks the sufficiency of the evidence to prove identity as to prior conviction, we will address it. The state offered into evidence the penitentiary packet containing a judgment and sentence describing a conviction of a person named Melvin Douglas Sanders for the offense of theft of automobile on September 19, 1960, in cause number 5460 in the District of Colorado County, Texas. Additionally as a part of the packet was a form containing a description of the prisoner as a black male born November 1, 1935 and naming his relative as "Mrs. Marie Madison, Larned, Kansas". On cross-examination, appellant admitted he was the same Melvin Douglas Sanders who was convicted of theft of an automobile in Colorado County and received five years in 1960. Further, he testified he was born November 1, 1935 and that his grandmother, named "Mrs. Marie Madison" lived in Kansas. We find the above testimony sufficient to prove identity as to appellant's first prior conviction. The third ground of error is overruled.

The judgment is reversed and the cause remanded for a new trial, but only as a second offender. *Carter v. State,* —— S.W.2d —— No. 612–83 (Tex.Crim.App., May 16, 1984) (not yet reported).