Affirmed and Memorandum Opinion filed March 11, 2008








Affirmed and Memorandum Opinion filed March 11, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00253-CR

____________

 

CHRISTIAN GUADALUPE HERNANDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1036503

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Christian Guadalupe Hernandez, appeals from his
conviction for the capital murder of Christian Cuevas.  A jury found appellant
guilty and assessed punishment at life in prison.  In two issues, appellant
contends (1) the evidence was insufficient to corroborate the testimony of an
accomplice witness, and (2) the trial court erred in failing to instruct the
jury on the lesser included offense of aggravated robbery.  We affirm.








Background








Jose Barajas testified that he has known appellant for
several years.  He said that he (Barajas) has committed aggravated robberies,
appellant was present at one or more of these, and appellant knew Barajas
routinely carried a firearm.  On the evening of August 5, 2005, Barajas and
appellant were at Barajas=s house preparing to go out to a club.[1] 
Barajas took a pistol with him, which appellant knew about.  Appellant asked
Barajas if he had another gun that he could borrow.  Barajas said that he did
not but offered appellant a switchblade knife, which appellant took.  Appellant
then suggested that they go Amake some money,@ which Barajas
took to mean go rob someone or burglarize an apartment.  They got a ride to an
apartment complex where they saw a group of three to five men drinking together
in the parking lot.  Barajas and appellant decided to rob the men.  They walked
toward the group; Barajas pointed his pistol at them and told them to get on
the ground.  Barajas said the men appeared to be scared and shocked and that
they all got on the ground except for one man, later identified as Christian
Cuevas, who resisted and tried to fight Barajas.  Barajas told Cuevas to calm
down or he (Barajas) would shoot him.  Barajas tried to restrain Cuevas and put
him on the ground, but Cuevas pulled loose and ran.  Barajas told Cuevas to
stop running or he (Barajas) would shoot him.  Cuevas kept running, and Barajas
shot him.  Barajas went to where Cuevas fell to the ground and talked to him. 
When Barajas returned to appellant and the others in the parking lot, appellant
was holding the switchblade in his hand.  He pointed it at the men and told
them to get on the ground and don=t move.  Barajas
and appellant then searched the men and took money, watches, and rings, which
they split between themselves.  They also recovered keys from one of the men
and drove away in his automobile.  Barajas and appellant were subsequently
found in the stolen vehicle and arrested.  At the time, according to Barajas,
appellant had possession of the weapon used to kill Cuevas.  Later, Barajas
entered into a plea agreement with prosecutors under which he would plead
guilty to capital murder and receive a life sentence in exchange for testifying
against appellant.

Sergeant Gordon MacIntosh of the Houston Police Department
testified that when appellant was arrested (approximately 10 hours after the
robbery and murder), he was carrying in his pockets a pistol, a folding knife,
and pawn slips.  The pistol recovered from appellant was later determined by
forensic testing to have fired the bullet that caused the death of Christian
Cuevas.

Fernando Escobedo Ortiz testified that on August 5, 2005,
he was talking to a group of people in an apartment complex parking lot when
two men approached.  The men were dressed all in black; one was carrying a gun
and the other a knife.  The men made the group get on the ground.  When a young
man in the group tried to run away, the man with the gun shot him.  Meanwhile,
the man with the knife continued to threaten the others and even poked Ortiz in
his abdomen with the knife.  The two men then took Ortiz=s money and his
car keys and drove away in his car.  Ortiz identified the knife taken from
appellant at the time of his arrest as similar to the knife used the night of
the robbery, and he identified the gun taken from appellant as similar to the
firearm he saw that night.  Ortiz additionally testified that he did not know
if he would recognize the man who held the knife that night if he saw him
again, and he failed to identify appellant as the perpetrator in court.

Ismael Flores, Jr., formerly an officer with the Houston
Police Department (retired at the time of trial), testified that in an
interview, Ortiz described the man who poked him with the knife as being about
5'5" tall, 17-18 years old, 130 to 140 pounds, with a shaved head and
wearing dark-colored clothing.  Flores then described appellant as 5'5",
approximately 140 pounds, and 19 years old.  Sergeant MacIntosh testified that
at the time appellant was arrested, his head was shaved, and he was dressed all
in black.

Accomplice Corroboration

In his first issue, appellant contends that the evidence
was insufficient to corroborate Barajas=s accomplice
witness testimony.  AA conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to
connect the defendant with the offense committed;  and the corroboration is not
sufficient if it merely shows the commission of the offense.@  Tex. Code Crim.
Pro. art. 38.14.[2] 
As detailed above, the main evidence against appellant was the testimony of
Barajas, who admitted killing Cuevas during a robbery he conducted with
appellant.  Therefore, because Barajas was an alleged accomplice, there must be
some other evidence connecting appellant to the crime in order for appellant=s conviction to
stand.

The test for weighing the sufficiency of corroborative
testimony is to eliminate from consideration the accomplice witness=s testimony and
examine the other evidence to see whether there is any evidence that tends to
connect the accused with the commission of the crime.  Hernandez v. State,
939 S.W.2d 173, 176 (Tex. Crim. App. 1997).  The corroborative evidence need
not be sufficient in itself to establish guilt, nor must it directly link the
accused to the commission of the offense; the accomplice witness rule is
satisfied if there is some non‑accomplice evidence that tends to connect
the accused to the commission of the offense alleged in the indictment.  Id. 
We view the evidence in the light most favorable to the jury=s verdict.  Gill
v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).








The jury convicted appellant of capital murder.  Among
other possibilities, a person commits capital murder if he or she intentionally
or knowingly causes the death of an individual in the course of committing or
attempting to commit a robbery.  Tex. Penal Code ' 19.03(a)(2).  The
jury was further instructed that it could convict appellant pursuant to the law
of parties.  Under the law of parties, A[a] person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both.@  Id. ' 7.01(a).  A
person is Acriminally responsible@ for an offense
committed by the conduct of another if, acting with intent to promote or assist
the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.  Id. ' 7.02(a)(2).  A
person is also Acriminally responsible@ for an offense
committed by the conduct of another when Ain the attempt to
carry out a conspiracy to commit one felony, another felony is committed by one
of the conspirators . . . if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy.@  Id. ' 7.02(b).[3]








Appellant attacks the sufficiency of the corroborating
evidence both to establish his identity as one of the perpetrators in the
robbery and to establish that he should have anticipated that the murder would
result from carrying out the robbery.  Regarding appellant=s identity as
having participated in the robbery, the corroborating evidence includes Ortiz=s testimony that
someone fitting appellant=s description participated in the robbery
by, among other things, threatening the victims with a knife and taking Ortiz=s money and
automobile.  Cf. Cooper v. State, 631 S.W.2d 508, 510 (Tex. Crim. App.
1982) (holding that a less than positive identification may be sufficient to
corroborate accomplice witness testimony), overruled on other grounds, Bell
v. State, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999); Griffin v. State,
486 S.W.2d 948, 950 (Tex. Crim. App. 1972) (same); In re C.M.G., 905
S.W.2d 56, 59 (Tex. App.CAustin 1995, no pet.) (same).  Barajas=s testimony was
additionally corroborated by the fact that appellant was arrested with Barajas
approximately 10 hours after the murder.  Cf. Dowthitt v. State, 931
S.W.2d 244, 249 (Tex. Crim. App. 1996) (stating that while an accused=s mere presence in
the company of the accomplice witness before, during, and after the commission
of the offense is insufficient to corroborate the accomplice witness=s testimony,
evidence of such presence combined with other suspicious circumstances may be
sufficient).  Additionally, the police discovered Barajas and appellant in
Ortiz=s stolen vehicle,
and appellant had the murder weapon in his pocket along with a knife that generally
fit the description of the knife used by one of the robbers.  See Herron v.
State, 86 S.W.3d 621, 633-34 (Tex. Crim. App. 2002) (holding defendant=s possession of
murder weapon was corroborative of accomplice=s testimony). 
Furthermore, at the time of his arrest, appellant was wearing clothes that
generally fit the description Ortiz gave of the clothes worn by the
knife-wielding robber.  Taken together, the foregoing evidence tends to connect
appellant to the charged offense and sufficiently corroborates Barajas=s accomplice
testimony.

Appellant additionally urges that the evidence was
insufficient to corroborate the suggestion in Barajas=s testimony that
appellant should have anticipated that the murder would result from carrying
out the robbery.  However, the accomplice witness rule does not require that
evidence corroborate the accomplice=s testimony
regarding every element of the crime charged; it requires instead that there be
some corroborative evidence that tends to connect the accused to the commission
of the offense.  See Hernandez, 939 S.W.2d at 176; Cooper, 631
S.W.2d at 510.  As stated, that burden has been met here.  Accordingly, we
overrule appellant=s first issue.

Lesser Included Offense








In his second issue, appellant contends that the trial
court erred in failing to instruct the jury on the lesser included offense of
aggravated robbery.  Whether
one offense is a lesser included offense of another is determined by
application of article 37.09 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. art. 37.09. 
The Court of Criminal Appeals recently clarified the two-step analysis to be
used in applying article 37.09.  Hall v. State, 225 S.W.3d 524, 534-37
(Tex. Crim. App. 2007).  In the first step, the elements of the offense as
alleged in the indictment are compared to the statutory elements of the
potential lesser included offense.  Id. at 535-36.  If the elements of
the lesser offense could be established by proof of the same or less than all
of the facts required to establish the commission of the charged offense, then
the analysis moves to the second step.  Id. at 536-37.  Here, the parties
agree that under the circumstances of this case, aggravated robbery was a
lesser included offense of capital murder.  We therefore move to consideration
of the second analytical step.

In the
second step, the evidence adduced at trial must be reviewed to determine if
there is some evidence to support instructing the jury on the lesser included
offense.  Id.  In order to support submission of the lesser included offense,
the evidence must include proof of the lesser offense, and the evidence must
show that if the defendant is guilty, he is guilty only of the lesser included
offense.  Id. (citing Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994)).  Submission of a lesser‑included offense is not
required simply because the jury may disbelieve crucial evidence pertaining to
the greater offense; rather, there must be some evidence directly germane to
the lesser‑included offense before an instruction on a lesser‑included
offense is warranted.  Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim.
App. 2003).








Rather than pointing to evidence affirmatively
demonstrating that he committed only aggravated robbery, appellant essentially
challenges the sufficiency of the evidence to demonstrate that he should have
anticipated that Barajas was going to kill Christian Cuevas.[4] 
He points out that there is no proof in the record that Barajas ever said that
if a victim fled or resisted he would kill the victim.  However, while this
point may have caused the jury to closely consider Barajas=s testimony
regarding what appellant did know on the night of the murder (e.g., that they
were going to commit a robbery and that Barajas was armed with a pistol), it
does not constitute evidence directly germane to the lesser‑included
offense, which suggests if
appellant is guilty, he is guilty only of the lesser included offense.  Appellant
further emphasizes that the record shows appellant and Barajas participated in
prior aggravated robberies wherein no one was injured or killed.  Contrary to
appellant=s assertion that this evidence shows he did not have
reason to anticipate that murder may occur in the course of the aggravated
robbery, it demonstrates instead that appellant in fact knew that they were
going to commit robbery armed with a deadly weapon.  See, e.g., Love v.
State, 199 S.W.3d 447, 454-55 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d) (holding that defendant=s participation in
robbery with knowledge that co-conspirator might use a gun in committing the
robbery was sufficient to sustain conviction for capital murder under the law
of parties).  Accordingly, we overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed March 11, 2008.

Panel consists of
Chief Justice Hedges, Justice Anderson, and Former Justice Price.*****

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  There is some confusion in the record between the
dates of August 5 and August 6; however, it appears fairly clear that while
Barajas and appellant went out in the evening of Friday, August 5, 2005, the
murder for which appellant was convicted occurred in the early morning of
Saturday, August 6, 2005.





[2]  The jury was charged in accordance with article
38.14.





[3]  Under the charge, the jury was permitted to convict
appellant of capital murder if it found he acted (1) as a principal, (2) to
assist in the murder, or (3) as a conspirator to commit one felony during which
another felonyCthat should have been anticipatedCwas committed.  However, the State acknowledges that
at trial it focused only on the theory that appellant was criminally
responsible because while carrying out a conspiracy to commit robbery, his
co-conspirator (Barajas) committed murder in furtherance of the robbery and
such murder should have been anticipated by appellant as a result of the
robbery.





[4]  Appellant also attacks the sufficiency of the
evidence to support findings on the other theories of culpability submitted to
the jury.  However, as explained above, the State acknowledges that at trial it
focused solely on appellant=s
responsibility as a co-conspirator to a felony.  See supra n.3.





*****  Former Justice Frank C. Price sitting by assignment.