William David Easley v. Tammie Yannette Easley
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-123-CV

Â Â Â Â Â WILLIAM DAVID EASLEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â TAMMIE YANNETTE EASLEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 92-0871-1 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â William David Easley filed a pro se notice of appeal in this Court on May 14, 1998. See
Tex. R. App. P. 26.1(c). The clerkâs record was due on July 13, 1998. It has not been filed
because Easley has not paid nor made arrangements to pay the clerkâs fee for preparing the record. 
Appellate Rule 37.3(b) provides that if an appellant fails to pay or make arrangements to pay the
clerkâs fee for preparation of the record, the Court may:
dismiss the appeal for want of prosecution, unless the appellant was entitled to proceed
without payments of costs. The court must give the appellant a reasonable opportunity
to cure before dismissal.

Id. 37.3(b).
Â Â Â Â Â Â After liberally construing correspondence from Easley as a request for time to make
arrangements to pay the clerkâs fee and granting a thirty-day extension, the fee still has not been
paid. We notified Easley that failure to pay for the record by September 25 would result in
dismissal.


 Id. 37.3(b), 42.3, 44.3. Over thirty days have passed since the deadline and no
arrangements have been made. Therefore, this appeal is dismissed for want of prosecution. Id.
37.3(b).
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM


Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice VanceÂ 
Dismissed for want of prosecution
Opinion delivered and filed November 4, 1998
Do not publish



/span>

Â 



MEMORANDUM 
Opinion



Â 








Â Â Â Â Â  This
appeal concerns sentences for burglary of a habitation.Â  See
Tex. Penal Code Ann.
Â§Â 30.02(a) (Vernon 2003).Â  We will
affirm.

Â Â Â Â Â  Appellant
contends that his concurrent sentences of fifteen yearsÂ imprisonment and fines
of $5,000 in two convictions for burglary of a habitation constitute
unconstitutionally cruel and unusual punishment.Â  See U.S.
Const. amend. VIII.Â  At trial, the State proved up a third,
extraneous, burglary of a habitation.Â 
Appellant had been convicted for possession of marijuana twice and for
theft.Â  Appellant had previously been on
community supervision, and it had been 








revoked.Â 
Burglary of a habitation is a grave crime of violence that violates the
sanctity of the home.Â  See St. Julian v. State, 874 S.W.2d 669,
671 (Tex. Crim. App. 1994); Richardson v.
State, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994); Blankenship v. State, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989)
(op. on rehÂg); United States v.
Guadardo, 40 F.3d 102, 103 (5th Cir. 1994) (interpreting 18 U.S.C.
Â§Â 16 (2000)).Â  AppellantÂs sentences
were not grossly disproportionate to his offenses.Â  See
Holberg v. State, 38 S.W.3d 137, 140-41 (Tex. Crim. App. 2000) (not
designated for publication in part); Davis
v. State, 119 S.W.3d 359, 363 (Tex. App.ÂWaco 2003, pet. refÂd); see generally Handy v. State, 46 Tex.
Crim. 406, 407-408, 80 S.W. 526, 526-27 (1904) (30-yr. sentence for burglary of
a private residence constitutional).Â  We
overrule AppellantÂs issue.

Â Â Â Â Â  We affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

Â Â Â Â Â  (Justice
Vance dissents with a note:Â  I believe
that we owe it to the litigants, the higher courts, the Bench and Bar, and the
public generally to provide more of the facts and our analysis in memorandum
opinions.Â  Jessie filed a motion for new
trial claiming his sentence is grossly disproportionate to other similarly
situated defendants, and he appeals the denial of that motion.Â  The majority summarily overrules his issue
without a discussion of the evidence he presented (twenty-seven other
convictions in Brazos County for similar offenses and testimony from three prosecutors in
adjoining counties) or the argument made on appeal.Â  The majorityÂs rationale is the burglary is a
Âgrave crime,Â which we all know, and that a 1904 conviction resulted in a
30-year sentence.Â  Furthermore, the
majority neither cites nor discusses our decision in Dunn v. State, 997 S.W.2d 885 (Tex. App.ÂWaco 1999, pet. refÂd),
which Jessie relies on as the basis for his complaint.Â  Because the majority refuses to analyze the
issue, I dissent).

Affirmed

Opinion
delivered and filed October 20, 2004

Do
not publish

[CR25]