IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00305-CR

No.
10-03-00306-CR

 

Louis J. Jessie,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 03-01013-CRF-85 and 03-01014-CRF-85

 



MEMORANDUM 
Opinion



 








      This
appeal concerns sentences for burglary of a habitation.  See
Tex. Penal Code Ann.
§ 30.02(a) (Vernon 2003).  We will
affirm.

      Appellant
contends that his concurrent sentences of fifteen years’ imprisonment and fines
of $5,000 in two convictions for burglary of a habitation constitute
unconstitutionally cruel and unusual punishment.  See U.S.
Const. amend. VIII.  At trial, the State proved up a third,
extraneous, burglary of a habitation. 
Appellant had been convicted for possession of marijuana twice and for
theft.  Appellant had previously been on
community supervision, and it had been 








revoked. 
Burglary of a habitation is a grave crime of violence that violates the
sanctity of the home.  See St. Julian v. State, 874 S.W.2d 669,
671 (Tex. Crim. App. 1994); Richardson v.
State, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994); Blankenship v. State, 780 S.W.2d 198, 207 (Tex. Crim. App. 1989)
(op. on reh’g); United States v.
Guadardo, 40 F.3d 102, 103 (5th Cir. 1994) (interpreting 18 U.S.C.
§ 16 (2000)).  Appellant’s sentences
were not grossly disproportionate to his offenses.  See
Holberg v. State, 38 S.W.3d 137, 140-41 (Tex. Crim. App. 2000) (not
designated for publication in part); Davis
v. State, 119 S.W.3d 359, 363 (Tex. App.—Waco 2003, pet. ref’d); see generally Handy v. State, 46 Tex.
Crim. 406, 407-408, 80 S.W. 526, 526-27 (1904) (30-yr. sentence for burglary of
a private residence constitutional).  We
overrule Appellant’s issue.

      We affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice
Vance dissents with a note:  I believe
that we owe it to the litigants, the higher courts, the Bench and Bar, and the
public generally to provide more of the facts and our analysis in memorandum
opinions.  Jessie filed a motion for new
trial claiming his sentence is grossly disproportionate to other similarly
situated defendants, and he appeals the denial of that motion.  The majority summarily overrules his issue
without a discussion of the evidence he presented (twenty-seven other
convictions in Brazos County for similar offenses and testimony from three prosecutors in
adjoining counties) or the argument made on appeal.  The majority’s rationale is the burglary is a
“grave crime,” which we all know, and that a 1904 conviction resulted in a
30-year sentence.  Furthermore, the
majority neither cites nor discusses our decision in Dunn v. State, 997 S.W.2d 885 (Tex. App.—Waco 1999, pet. ref’d),
which Jessie relies on as the basis for his complaint.  Because the majority refuses to analyze the
issue, I dissent).

Affirmed

Opinion
delivered and filed October 20, 2004

Do
not publish

[CR25]