**Charles Edwin BULLARD, Petitioner-Appellee,**

v.

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 80–2187.**

United States Court of Appeals, Fifth Circuit.

July 5, 1983.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

Kenneth E. Houp, Jr., Frank Maloney & Assoc., Austin, Tex., for petitioner-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before POLITZ and RANDALL, Circuit Judges, and PARKER *, District Judge.

PER CURIAM:

This case is before us on remand from the Supreme Court. The Court vacated our earlier opinion and asked us to consider whether the Texas Constitution offered the petitioner, Charles Edwin Bullard, relief on

grounds independent of the United States Constitution. The petitioner has now asked us to dismiss his federal habeas petition with prejudice and vacate the district court's decision granting him habeas relief, so that he may return to state court to seek relief under the state constitution.[1] Since both parties to this litigation now agree that the district court's opinion should be vacated, we conclude that the petitioner's request must be granted because there is no longer a live case or controversy before this court. Because the circumstances of this dismissal are unique, we take this opportunity to explain how we have arrived at this pass.

Bullard was tried and convicted in state court of theft of property over the value of two hundred dollars. Because he had allegedly committed two prior felonies, the trial court enhanced his punishment to life imprisonment. *See* Tex.Penal Code Ann. § 12.42 (Vernon 1974). The Texas Court of Criminal Appeals held that the state's evidence was insufficient to prove that Bullard was the defendant who had been convicted of one of the prior convictions alleged in the indictment, *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976), but the court permitted the reimposition of the life sentence at a second enhancement proceeding. *Bullard v. State,* 548 S.W.2d 13 (Tex.Cr.App.1977).

After determining that Bullard had exhausted his state remedies, the federal district court, 502 F.Supp. 887, granted him habeas corpus relief on the ground that the second enhancement proceeding violated the double jeopardy clause of the United States Constitution. Relying on the Supreme Court's application of the double jeopardy clause to the capital sentencing procedure in *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981),[2] we affirmed the district court's decision and held that

---

\* Chief Judge of the Middle District of Louisiana, sitting by designation.

1. The Texas courts do not entertain habeas corpus claims that are pending in the federal courts. *See, e.g., Ex Parte McNeil,* 588 S.W.2d

592 (Tex.Cr.App.1979); *Ex Parte Green,* 548 S.W.2d 914 (Tex.Cr.App.1977); *Ex Parte Powers,* 487 S.W.2d 101 (Tex.Cr.App.1972).

2. *See also Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (retrial

the double jeopardy clause bars a second enhancement proceeding when the evidence at the first enhancement proceeding was insufficient to establish that the defendant committed one or more of the prior offenses necessary for enhancement, and that this principle must be retroactively applied to Bullard's petition for a writ of habeas corpus.

*Bullard v. Estelle,* 665 F.2d 1347, 1349 (5th Cir.1982).

On March 23, 1982, the state petitioned the United States Supreme Court for a writ of certiorari; the petition was granted on June 6, 1982. *Estelle v. Bullard,* 457 U.S. 1116, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982). Meanwhile, the Texas courts changed their views on whether, consistent with the double jeopardy clauses of both the United States and Texas Constitutions,[3] a second enhancement proceeding could be brought when the evidence produced at the first enhancement proceeding was insufficient. On April 21, 1982, the Texas Court of Criminal Appeals agreed with our decision in *Bullard v. Estelle, supra,* and held that "as a matter of federal constitutional law," if the state "fails to sufficiently prove all facts necessary to find an enhancement paragraph 'true,' the State may not, at a new hearing in that cause have a second opportunity to prove the original allegations." *Cooper v. State,* 631 S.W.2d 508, 514 (Tex.Cr.App.1982) (en banc). The *Cooper* court expressly overruled its holding to

the contrary in *Bullard v. State.* After the Supreme Court had granted certiorari in *Bullard,* the Texas Court of Criminal Appeals, relying on *Cooper, supra,* held that

under either the Federal Constitution or the Texas Constitution the State of Texas is precluded from relitigating an issue of fact at a second trial or at a second punishment hearing where it failed to properly litigate that factual issue at the first trial or at the first punishment hearing.

*Ex Parte Augusta,* 639 S.W.2d 481, 485 (Tex.Cr.App.1982) (en banc).[4]

At this point, Bullard decided that he would be better off in state court. He filed a motion in the Supreme Court to dismiss the writ of certiorari as improvidently granted on the ground that "but for the pendency of this petition for writ of certiorari, Respondent would be entitled to immediate relief under the Texas Constitution, Article I, Section 14 and 19." On January 17, 1983, the Supreme Court vacated our opinion and remanded the case for further consideration:

The judgment is vacated and the case is remanded to the United States Court of Appeals for the Fifth Circuit for consideration of whether the Texas constitution, as interpreted by the Court of Criminal Appeals of Texas in *Ex Parte Augusta,* 639 S.W.2d 481 (1982), offers respondent relief on grounds independent of the United States Constitution so as to ren-

---

barred in federal case where conviction set aside for insufficiency of the evidence); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) (same in state case).

**3.** U.S. Const. amends. 14, 5; Tex. Const. art. I, §§ 14, 19.

**4.** The Texas Court of Criminal Appeals was not the only court to rely on our decision in *Bullard v. Estelle, supra.* In *Carter v. Estelle,* 677 F.2d 427, 452 n. 24 (5th Cir.), *modified,* 691 F.2d 777 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983), we reaffirmed our holding that *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), apply retroactively. In *French v. Estelle,* 692 F.2d 1021 (5th Cir. 1982), *modified on other grounds,* 696 F.2d 318 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct.

2108, 77 L.Ed.2d 313 (1983), we applied *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), retroactively as well, and held once again that

because the petitioner was once subjected to an enhancement proceeding where the State failed to produce sufficient evidence of habitual offender status to support a life sentence, the double jeopardy clause bars a second trial-like enhancement proceeding on the basis of the one prior felony insufficiently proven at the earlier trial.

692 F.2d at 1025 (footnote omitted). We do not interpret the action of the Supreme Court in vacating our opinion in *Bullard* for the reason set forth in the Court's order, *see* text *infra,* as undermining the validity of our decisions in *Carter* and *French. See* note 5, *infra.*

der inappropriate a decision on federal constitutional grounds. *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982); *Mills v. Rogers,* 457 U.S. 291, 102 S.Ct. 2442, 73 L.Ed.2d 16 (1982).

*Estelle v. Bullard,* —— U.S. ——, 103 S.Ct. 776, 776–77, 74 L.Ed.2d 987 (1983).[5] Bullard then asked us to vacate the district court's decision and to dismiss with prejudice his application for federal habeas relief so that he could "seek appropriate relief under the Texas Constitution." Since both parties now "affirmatively desire the same result, no justiciable case is presented," and we must dismiss the case for lack of a case or controversy. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3530 at 166 (1975); *accord, GTE Sylvania, Inc. v. Consumers Union,* 445 U.S. 375, 383, 100 S.Ct. 1194, 1199, 63 L.Ed.2d 467 (1980) (although parties agreed that reports should be released under Freedom of Information Act, case or controversy presented where defendants would be subject to conflicting court orders if plaintiffs prevailed on merits); *Moore v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 47, 48, 91 S.Ct. 1292, 1293, 28 L.Ed.2d 590 (1971) (no case or controversy where both parties argued that statute was constitutional). Accordingly, we vacate the district court's decision to grant the petitioner habeas corpus relief and remand with instructions to dismiss the case with prejudice.

VACATED AND REMANDED.

**5.** In *Mills, supra,* the state law questions were presumably before the federal court as claims pendent to the exercise of federal question jurisdiction under 28 U.S.C. § 1331, and in *Aladdin's Castle, supra,* the court had diversity jurisdiction, 28 U.S.C. § 1332, over the state law claims. *Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029, 1035–36 & n. 12 (5th Cir.1980). In contrast to cases brought under 28 U.S.C. §§ 1331, 1332, relief on state law grounds is not available to a petitioner in federal habeas proceedings. 28 U.S.C. § 2254(a); *Engle v. Isaac,* 456 U.S. 107, 119–21, 102 S.Ct. 1558, 1567–1568, 71 L.Ed.2d 783 (1982); *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). We could not, therefore, have granted the writ on the basis of the ground for relief under the Texas Constitution set forth in *Augusta,* nor, indeed, was it even pleaded.