# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10439
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2016

Lyle W. Cayce
Clerk

BOAZ LEGACY, L.P.,

Plaintiff–Appellant,

v.

MONTY RAY ROBERTS,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-41

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Boaz Legacy, L.P. (Boaz) sued Monty Ray Roberts in Texas state court over the ownership of a tract of land located south of the Red River. Roberts removed the case to federal court and then moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The district court granted the motion and dismissed the case. Boaz filed a motion to reconsider, requesting that the district court remand the case to Texas state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10439

court rather than dismiss it outright.  The district court denied the motion.  We affirm the district court's dismissal.

## I

Even where the requirements of diversity jurisdiction are met, the subject matter jurisdiction of the federal courts is limited by the local action doctrine.  Under the local action doctrine, "[a] local action involving real property can only be brought within the territorial boundaries of the state where the land is located," and thus "courts lack jurisdiction over the subject matter of claims to land located outside the state in which the court sits."[1]  The local action doctrine applies equally to state courts.[2]  The law of the forum state determines whether an action is local,[3] and under Texas law, "actions that seek adjudication of title to real property are local in nature and must be brought where the land is situated."[4]

Where a defendant attacks the subject matter jurisdiction of a federal court on a factual basis, the plaintiff must submit facts through some evidentiary method to prove by a preponderance of the evidence that jurisdiction exists.[5]

## II

According to the Red River Boundary Compact, the political boundary line between Texas and Oklahoma along the portion of the Red River relevant to this dispute is "the vegetation line along the south bank of the Red River."[6]

---

[1] *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir. 1987).

[2] *Hayes*, 821 F.2d at 287; *see also Trutec Oil & Gas, Inc.* v. *W. Atlas Int'l, Inc.*, 194 S.W.3d 580, 583 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Texas courts may not adjudicate title to realty in another state or country; they do not have subject matter jurisdiction over property outside the state." (citing *Holt v. Guerguin*, 163 S.W. 10, 12 (1914))).

[3] *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1149 (5th Cir. 1992).

[4] *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 721 (5th Cir. 2010).

[5] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[6] TEX. NAT. RES. CODE ANN. § 12.002 (West 2013).

No. 15-10439

Roberts submitted evidence to the district court that the property lies north of the vegetation line. Boaz has not disputed this fact but instead argues that the Compact "is not applicable to adjudicate a boundary dispute among private landowners." But as the district court pointed out, this argument conflates the underlying dispute with the present determination, which is purely jurisdictional. At issue for purposes of the local action doctrine is the state in which the land is located. The Compact establishes the relevant boundary line, and Roberts's unrebutted evidence establishes that the property lies in Oklahoma. The district court thus properly determined that it lacked subject matter jurisdiction pursuant to the local action doctrine.

### III

Boaz argues that upon deciding that it lacked subject matter jurisdiction, the district court should have remanded the case to state court pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Boaz points to the Supreme Court's observation in *International Primate Protection League v. Administrators of Tulane Education Fund* that "the literal words of § 1447(c) . . . on their face, give . . . no discretion to dismiss rather than remand an action."[7] But the Court did not decide *Tulane* on that basis. Instead, the Court reasoned that remand to state court was proper because the First Circuit had incorrectly concluded that remand would be futile under the facts of that case.[8] Rather than establish that remand to state court is necessary even when it is futile, the Court

---

[7] 500 U.S. 72, 89 (1991) (quoting *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)).

[8] *Id.* at 87-89.

No. 15-10439

determined that "uncertainties in the case before us preclude a finding that a remand would be futile."[9]

This Circuit has since acknowledged, in *Trust Co. Bank v. United States Gypsum Co.*, that dismissal, rather than remand, may be proper if a suit is a local action over which the state court in which it was brought also would lack jurisdiction.[10] Boaz's argument that the futility exception does not apply here because state courts determine their own jurisdiction is unavailing: Texas law plainly indicates that the local action doctrine applies in Texas and that this type of dispute is a local action.

*   *   *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[9] *Id.* at 89.

[10] 950 F.2d 1144, 1148 (5th Cir. 1992) ("If this case is indeed a local action, then the district court properly dismissed it."); *see also In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 563-64 (W.D. Tex. 2012) ("[T]he Fifth Circuit embraces the futility-exception doctrine . . . . However, the exception applies only where it is clear that the lower court lacks subject matter jurisdiction.").