# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2023

Lyle W. Cayce
Clerk

No. 22-30436

———————

Montie Spivey,

*Plaintiff—Appellant*,

*versus*

Chitimacha Tribe of Louisiana; Cypress Bayou Casino & Hotel; April Wyatt; Jacob Darden; Toby Darden; Jacqueline Junca,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:22-CV-491

———————————————————————

Before Clement, Oldham, and Wilson, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

The question presented in this appeal is whether 28 U.S.C. § 1447(c) includes an unwritten futility exception. It does not.

I.

Appellant Montie Spivey is the former Chief Financial Officer of the Cypress Bayou Casino. The Casino is owned by the Chitimacha Tribe of Louisiana. The Chitimacha Tribe is one of four federally recognized Indian tribes in Louisiana. The Chitimacha tribal council is the governing body over

all the Tribe's enterprises including the Casino. Chitimacha tribal law prohibits a tribal council member from working in the Casino or receiving any funds in the form of payments from the Casino.

According to the allegations in Spivey's complaint, the Chitimacha tribal council authorized Spivey (as CFO of the Casino) to make a $3,900 bonus payment to the then-newly elected chairman of the tribal council, O'Neil Darden. Chairman Darden was an employee of the Casino until he took his seat on the tribal council. Spivey made the bonus payment.

Spivey claims that several members of the tribal council turned around and reported the bonus payment to federal and state law enforcement. According to Spivey, this was all part of a conspiracy against him by these councilmembers. And the conspiracy worked. A law enforcement investigation into the bonus payment led to Spivey's arrest and the suspension of his gaming license. This effectively froze Spivey out of the casino industry.

Spivey initially sued the Tribe, the Casino, and four tribal council members in federal court under 42 U.S.C. §§ 1983 and 1985 and Louisiana tort law. The magistrate judge recommended the dismissal of all Spivey's claims because tribal sovereign immunity barred them. The district court adopted the magistrate judge's recommendation and dismissed the case without prejudice.

After the magistrate judge made her recommendation but before the federal court entered the dismissal order, Spivey filed a materially identical complaint in Louisiana state court. The defendants removed, and Spivey moved to remand. The same magistrate judge recommended denying Spivey's remand motion. She concluded "*sua sponte* that these claims should be dismissed with prejudice" because Spivey's complaint was "essentially identical to the previous complaint filed in federal court" and "[a]ll claims

are barred by tribal immunity." The district court, over Spivey's objections, again adopted the magistrate judge's recommendations, denied Spivey's remand motion, and dismissed all Spivey's claims with prejudice.

Spivey timely appealed the with-prejudice dismissal. We review *de novo* the district court's denial of Spivey's remand motion. *See Allen v. Walmart Stores, LLC*, 907 F.3d 170, 182 (5th Cir. 2018). We review for abuse of discretion the district court's choice to dismiss claims with prejudice rather than without prejudice. *See Club Retro, LLC v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009). "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

## II.

As separate, dependent sovereigns, Indian tribes enjoy sovereign immunity "subject to plenary control by Congress." *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014). And "[s]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). These two propositions mean that—absent a waiver or congressional authorization—federal courts lack subject matter jurisdiction over a suit against (1) a tribe, (2) an arm or instrumentality of the tribe, or (3) tribal employees acting in their official capacities. *Bay Mills*, 572 U.S. at 789; *Lewis v. Clarke*, 581 U.S. 155, 162 (2017). The parties don't dispute that tribal sovereign immunity bars Spivey's claims against the Tribe, the Casino, and the tribal council members in federal court.

The question is what a district court should do when it determines that it lacks subject matter jurisdiction over a removed case. Here, the district court committed two independent errors. First, it held that remanding the case would be futile because the state courts (like the federal ones) would be barred by the Tribe's sovereign immunity from adjudicating the suit. Second,

the district court dismissed Spivey's claims with prejudice. We consider each error in turn.

### A.

First, when a district court determines that it lacks subject matter jurisdiction over a removed case, it *must* remand. Congress expressly said so: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). It uses the mandatory "shall" rather than the permissive "may." *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) ("Mandatory words impose a duty; permissive words grant discretion."); *id.* at 114 ("[W]hen the word *shall* can reasonably be read as mandatory, it ought to be so read."). Moreover, § 1447(c)'s text includes no exceptions. If Congress's inclusion of one exception precludes judicial imagination of others, *see TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001), then Congress's omission of any exceptions emphatically forbids us from writing a futility exception into the statute.

Precedent supports what the plain text says. The Supreme Court has noted that "the literal words of § 1447(c), [ ] on their face, give . . . no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (quotation omitted). We've said the same thing on several occasions. *See, e.g.*, *Hexamer v. Foreness*, 981 F.2d 821, 822 (5th Cir. 1993) (agreeing "that the district court does not have jurisdiction over the case" but holding that "instead of dismissal, 28 U.S.C. § 1447(c) *requires* remand to state court" (emphasis added)); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 175 (5th Cir. 2000) ("If we conclude that the district court lacked subject matter

jurisdiction, we have *no choice* but to remand the cases to state court." (emphasis added)).

True, neither *Hexamer* nor *Delgado* involved allegedly futile remands. And when it comes to allegedly futile remands, there appears to be some confusion over the Fifth Circuit rule. For example, we have invoked the futility exception in unpublished cases. *See, e.g.*, *Underhill v. Porter*, 1994 WL 499742, at \*1 (5th Cir. 1994) (per curiam) (dismissing because a remand would be futile); *Boaz Legacy, LP v. Roberts*, 628 F. App'x 318, 320 (5th Cir. 2016) (per curiam) (similar). And we have published cases that some—including, most troublingly, the leading treatise on federal courts—cite as our official recognition of the futility exception. *See, e.g.*, *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1070 (5th Cir. 1990); *see also Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 11 (D.D.C. 2007) (citing *Asarco* to say we've embraced the futility exception to § 1447(c)); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3739.1 n.43 (4th ed. 2009) [Wright & Miller] (citing *Nolan* for the same proposition); *In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012) (also citing *Nolan*). But our published cases do not even cite § 1447(c), much less discuss it, much less hold that it contains an unwritten futility exception. *See Asarco*, 912 F.2d at 787; *Nolan*, 919 F.2d at 1070.

Given that our published decisions have never squarely confronted today's question, our rule of orderliness imposes no obstacle to following the plain text of § 1447(c). We therefore hold, in accordance with the statute's plain text and the great weight of authority from across the country,[*] that

---

[*] *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 108–09 (1st Cir. 2007); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48–49 (4th Cir. 1996); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488,

§ 1447(c) means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile.

### B.

The district court's second error is that it dismissed Spivey's complaint *with* prejudice.

The judicial power vested in us by Article III is "the power to render final judgments." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995); *see, e.g.*, *United States v. O'Grady*, 89 U.S. (22 Wall.) 641, 647–48 (1874) ("Judicial jurisdiction implies the power to hear and determine a cause" and render "judgment in a court of competent jurisdiction."). When a court has jurisdiction, its judgment power includes the power to reach the merits of a party's claim, to adjudicate those merits, and to render a judgment that carries *res judicata* effect—including, as relevant here, a dismissal *with* prejudice. *See also, e.g.*, 9 Wright & Miller, *supra*, § 2373 (noting a court can issue with-prejudice dismissal *only* when it has jurisdiction and with-prejudice dismissal carries *res judicata* effect).

Contrariwise, when a district court lacks jurisdiction, it is emphatically powerless to reach the merits. "Without jurisdiction the court cannot proceed *at all in any cause*." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506,

---

496 (6th Cir. 1999); *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139–40 (7th Cir. 1994); *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Randolph*, 486 F. Supp. 2d at 10–11 (rejecting the futility exception and collecting cases); 14C Wright & Miller, *supra*, § 3739.1 (collecting cases). Only the Ninth Circuit has gone the other way, and even then, it has been inconsistent. *Compare, e.g.*, *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (applying futility exception), *with Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257–58 (9th Cir. 1997) (rejecting it).

514 (1868) (emphasis added). That's why the Supreme Court has admonished the federal courts:

> The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects. For a court to [reach the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) (quotation omitted).

And it's precisely because the jurisdiction-less court cannot reach the merits that it also cannot issue with-prejudice dismissals that would carry *res judicata* effect. So we've repeatedly insisted that "a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction." *Carver*, 18 F.4th at 498 (emphasis added). "This rule applies with equal force to sovereign-immunity dismissals." *Ibid.*; *see also, e.g.*, *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020) ("Claims barred by sovereign immunity are dismissed *without prejudice*, not with prejudice." (emphasis added and quotation omitted)); *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019) (same); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010) ("[I]f the district court had held that it lacked subject matter jurisdiction, it should have entered dismissal without prejudice . . . ."); *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("[A] lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (quotation omitted)); *Cox, Cox, Filo, Camel & Wilson, LLC v.*

*Sasol N. Am., Inc.*, 544 F. App'x 455, 456 (5th Cir. 2013) (per curiam) ("A dismissal with prejudice is a final judgment on the merits. Accordingly, to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." (quotation omitted)).

The Tribe nonetheless contends that the "best-case exception" allows jurisdictional dismissals with prejudice. The best-case exception allows a district court *sua sponte* to dismiss a complaint on the merits and with prejudice where the plaintiff (1) "repeatedly declared the adequacy of that complaint in . . . response to [the] defendant's motion to dismiss" and (2) "refused to file a supplemental complaint even in the face of a motion to dismiss." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). But it's precisely because a best-case dismissal is with prejudice that a district court can *never* render one without first establishing its jurisdiction. The limitations on district courts in dismissing cases on the merits after establishing jurisdiction (as in *Brown* and *Carroll*) say nothing about the limitations on district courts that do not have jurisdiction to reach the merits (as here).

For these reasons, the district court's with-prejudice dismissal is REVERSED, and the case is REMANDED with instructions to remand it to state court.