# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20491

———————

Joe Richard Pool, III; Trenton Donn Pool; Accelevate2020, L.L.C.; Liberty Initiative Fund; Paul Jacob,

*Plaintiffs—Appellants*,

*versus*

City of Houston; Anna Russell, *in her official capacity as the City Secretary of the City of Houston*; Pat J. Daniel, *In her official capacity as the Secretary of the City of Houston*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2236

———————————————————————

Before Jolly, Engelhardt, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*,

The district court entered a declaratory judgment that held unconstitutional certain voter-registration provisions in the Houston City Charter. Plaintiffs appeal the wording of that judgment. We hold no case or controversy exists. So we vacate the judgment and remand with instructions to dismiss the suit without prejudice.

No. 22-20491

"Jurisdiction is always first." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quotation omitted). It is well settled that, where the parties agree on a constitutional question, there is no adversity and hence no Article III case or controversy. *See, e.g.*, *Moore v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 47, 47–48 (1971) (considering "the anomaly that both litigants desire precisely the same result, namely a holding that the anti-busing statute is constitutional," and holding "[t]here is, therefore, no case or controversy within the meaning of Art. III of the Constitution"); *Muskrat v. United States*, 219 U.S. 346, 361–62 (1911); *Lord v. Veazie*, 49 U.S. 251, 255 (1850); *Bullard v. Estelle*, 708 F.2d 1020, 1023 (5th Cir. 1983) (citation omitted) (dismissing for lack of case or controversy when both parties "affirmatively desire the same result"); *see also* R. Fallon, J. Manning, D. Meltzer & D. Shapiro, Hart & Wechsler's Federal Courts And The Federal System 94–101 (7th ed. 2015) (collecting cases on adversariness requirement).

Here, "all parties have agreed from the beginning of this case that Houston's voter registration provisions governing circulators" are unconstitutional. Red Br. 7. The City also agreed that it "would and could not enforce the provisions." *Id.* at 8. The City has repeatedly and consistently emphasized its agreement with the plaintiffs throughout this suit. ROA.441, 980–81. Such faux disputes do not belong in federal court. *See Moore*, 402 U.S. at 47–48; *Bullard*, 708 F.2d at 1023.

\* \* \*

The district court's judgment is VACATED, and the suit is REMANDED with instructions to DISMISS the case without prejudice. *See, e.g.*, *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 449 (5th Cir. 2023) ("[I]t's precisely because the jurisdiction-less court cannot reach the merits that it also cannot issue with-prejudice dismissals that would carry *res judicata*

No. 22-20491

effect. So we've repeatedly insisted that a jurisdictional dismissal *must be without* prejudice to refiling in a forum of competent jurisdiction.") (quotation omitted; emphasis in original).