# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

No. 25-30021

Stephen Paul Preziosi,

*Plaintiff—Appellant*,

*versus*

Louisiana Department of Children and Family Services;
Terri P. Ricks; Gary E. Franklin; Christian Merrit;
Bridget Depland Grant,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CV-1097

Before Davis, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

In this case, Plaintiff-Appellant Stephen Preziosi filed suit against the
Louisiana Department of Children and Family Services ("DCFS") and five
individual officers (the "Officers") (collectively, the "Defendants") in their
official and individual capacities. The district court dismissed Preziosi's
claims with prejudice, stating that DCFS is entitled to sovereign immunity

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and that Preziosi failed to adequately allege facts detailing misconduct by the Officers. We MODIFY the district court's judgment of dismissal with prejudice against DCFS and the Officers in their official capacities to a judgment without prejudice, and we AFFIRM the judgment as modified.

## I

In 1998, Preziosi initiated divorce proceedings that resulted in him and his former spouse sharing joint custody of their child. Preziosi alleges that his former spouse falsely accused him of domestic violence during his divorce proceedings. He claims, *inter alia*, that the Defendants violated his constitutional rights by intentionally altering his divorce decree and child support payments, assisting his former spouse in manipulating court proceedings, and concealing documents that Preziosi requested under the Freedom of Information Act ("FOIA").

On August 10, 2023, Preziosi filed suit against the Defendants in the Western District of Louisiana.[1] On December 12, 2024, the district court granted DCFS and the Officers' Rule 12(b)(1) and 12(b)(6) motions, dismissing all of Preziosi's claims.[2] The court dismissed Preziosi's claims against DCFS, explaining that it did not have subject-matter jurisdiction because DCFS is entitled to Eleventh Amendment sovereign immunity "as an agency of the State." The court further dismissed Preziosi's claims

---

[1] Preziosi filed an amended complaint on October 23, 2023, in which he added Bridget Depland-Grant, another officer, as a defendant, and he clarified that he was suing the Officers in both their "official and individual capacities."

[2] The court also denied Preziosi's motion for a Temporary Restraining Order ("TRO"), stating that he did not assert any specific facts to show immediate and irreparable injury. The court stated that a TRO was not an adequate vehicle to challenge "his state court child support proceedings, its related enforcement actions, the Order staying discovery[,] or the responses to his FOIA requests." Additionally, the court denied Preziosi's ex parte emergency motion to prevent wrongful incarceration and termination.

against the Officers because he "[did] not address or provide factual support for his allegations against any of the remaining defendants." Preziosi timely filed a notice of appeal.

## II

As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291. We review a district court's dismissal under 12(b)(1) for lack of subject-matter jurisdiction de novo. *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Specifically, we review the district court's grant of a motion to dismiss based on sovereign immunity de novo. *Jackson v. Wright*, 82 F.4th 362, 366 (5th Cir. 2023); *see also McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161) ("When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction.").

We also review a district court's dismissal under Rule 12(b)(6) for failure to state a claim de novo. *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024) (citing *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021)). We "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiffs." *McLin*, 79 F.4th at 415 (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quotation omitted)). To survive a motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "We do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023), *cert. denied sub nom.*, *Crandel v. Hall*, 144 S. Ct. 1002 (2024).

However, "[w]e review for abuse of discretion [a] district court's choice to dismiss claims with prejudice rather than without prejudice." *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 446 (5th Cir. 2023).

## III

## A

"In most cases, Eleventh Amendment sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). As a result, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 396 (5th Cir. 2025) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)). Sovereign immunity also prohibits plaintiffs from filing suits "against state officials or agencies that are effectively suits against a state." *Paxton*, 943 F.3d at 997.

But, as the Supreme Court held in *Ex parte Young*, 209 U.S. 123, 155–56 (1908), "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Abbott*, 138 F.4th at 396 (quoting *Moore*, 743 F.3d at 963). This exception allows plaintiffs to sue state officials "whose conduct violates federal law." *Wright*, 82 F.4th at 367 (quoting *Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021) (per curiam)). Under this theory, "when a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." *Id.*

## B

We affirm the district court's ruling that all claims against DCFS are barred. DCFS is a state agency that has not consented to being sued and

Congress has not expressly abrogated sovereign immunity. Thus, DCFS is entitled to sovereign immunity.

Regarding the Officers, Preziosi has not asserted an unconstitutional law that has been enforced against him in order to qualify for an exception under *Ex parte Young*. Instead, Preziosi argues that the doctrine of immunity does not apply when faced with "concrete evidence of constitutional violations," however, he fails to assert how the Officers violated any constitutional provision. Nowhere in his complaint, or appellate brief, does he explicate what conduct the Officers engaged in to warrant suit. Instead, Preziosi's complaint provides conclusory allegations bereft of any specific facts to support his claims. As the district court correctly explained, we cannot infer that the Officers are liable absent any factual support. Thus, the Officers are also entitled to sovereign immunity in their official capacities.

The district court did err when it dismissed Preziosi's claims against the Officers in their official capacities with prejudice. If a court dismisses a case based on sovereign immunity, it must dismiss without prejudice. *See Spivey*, 79 F.4th at 449; *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019). As the Defendants correctly highlight, dismissal based on sovereign immunity is a dismissal for lack of subject-matter jurisdiction. Thus, we conclude that the district court erred when it dismissed Preziosi's claims with prejudice.

Because the Defendants are clearly entitled to immunity under the Eleventh Amendment, we hold that that the district court correctly granted Defendants' motion to dismiss for lack of subject-matter jurisdiction. We also hold that, because dismissal based on sovereign immunity is dismissal for lack of subject-matter jurisdiction, the district court erred when it dismissed Preziosi's claims against DCFS and against the Officers in their official capacities with prejudice.

5

No. 25-30021

## IV

We also affirm the district court's ruling that Preziosi asserts no factual allegation against any of the Officers under 12(b)(6). In Preziosi's complaint, he stated that he was suing the Officers in their official and individual capacities.[3] However, on appeal, he only addresses whether the Defendants are entitled to sovereign immunity. Regardless of whether Preziosi waived his arguments, we agree with the Defendants and the district court that he has failed to adequately allege sufficient facts to infer that the Officers are liable for any constitutional violation in any capacity.

Again, because Preziosi cites no specific conduct from the Officers, we hold that that the district court correctly granted Defendants' motion to dismiss for failure to state a claim.

---

[3] The district court declined to address whether Preziosi was suing the Officers in their official or individual capacities because, under either capacity, Preziosi's claims fail. We agree. Because we hold that Preziosi has not sufficiently alleged any specific facts to substantiate his claims, and he has failed to brief them, we also hold that he waived all other issues on appeal, including his claim that the Defendants failed to produce documents, the district court failed to appoint counsel, supervisory and constitutional liability claims against the Defendants, the allegedly erroneous transfer of the case to Judge Edwards, and his claims of quantifiable harm. *see Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.").

We also hold that Preziosi does not have a viable claim regarding whether the district court erroneously stayed discovery or denied his motion to compel because he failed to remedy deficiencies that the district court noted, and he did not refile another motion.

No. 25-30021

**V**

For the foregoing reasons, we MODIFY the district court's judgment of dismissal with prejudice against DCFS and the Officers in their official capacities to a judgment without prejudice, and we AFFIRM the judgment as modified.